## YAZOO & M. V. R. Co. v. SCOTT.

[70 South. 459.]

WATERS AND WATER COURSES. *Flowage. Construction of railroads.*

It is the duty of railroad companies not only to properly construct, but properly to maintain, their roadbeds with sufficient openings to permit the flow of surface water and where a railroad company originally constructed its roadbed with a long trestle under which the surface waters followed their natural flow, but in the course of time gravel and other debris from the tracks washed under the trestle so as to form an obstruction, thus preventing the flow of surface water and inundating the adjacent lands, the company was liable.

APPEAL from the circuit court of Bolivar county.

HON. T. R. SCOTT, Judge.

Suit against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Montgomery & Montgomery, Chas. N. Burch, H. D. Minor* and *Mayes & Mayes,* for appellant.

We submit; First: That this land, according to the testimony of Mr. Burford, for fifteen years was not drained at all, so that no crops could be made on it except in one or two very dry years. Second: That if the drainage is not so good now as it was fifteen years before the suit was brought (and there seems to be very little difference according to the proof) it is because of the gradual accumulations of earth and gravel under the trestle, washed there by the rains, for which the defendant could not be liable. Certainly that is the law of this case under the fifth instruction given for the defendant and which must stand on this appeal because the plaintiff has not appealed and can assign no error. See *Duff* v. *Snyder,* 54 Miss. 245.

We therefore submit that the plaintiff has no case, that. the peremptory instruction for the defendant should have been given, and therefore ask that the case be reversed and dismissed.

This plaintiff knew the land before he rented it. He rented it knowing of this defect in the drainage. He bought a lawsuit; brought it and, on all of the evidence, he is entitled to lose it.

The case of *Canton, etc., R. Co.* v. *Paine,* 19 So. 199, is not in point here, because in that case the trestle was. not properly constructed, while in the case at bar, the trial court specifically held, in the fifth instruction for the defendant, that the road was properly constructed.

In *Ill. Cent. R. Co.* v. *Miller,* 68 Miss. 763, the liability of the Railroad Company was upheld because the company had dug a ditch and thus precipitated the water on plaintiff's land.

Under all the evidence in this case, and in the light of all the authorities in Mississippi on the subject from the case of *Ill. Cent. R. Co.* v. *Miller,* 68 Miss. 763, down to the case of *Y. & M. V. R. Co.* v. *Sultan,* 63 So. 672, the plaintiff is not entitled to recover. These cases include, in addition to the two cited. *Ala., Etc., R. Co.* v. *Beard,* 93 Miss. 294; *Ill. Cent. R. Co.* v. *Wilbourn,* 74 Miss. 284; *Sinai* v. *Louisville, etc., R. Co.,* 71 Miss. 547; *K. C. & M. R. R. Co.* v. *Smith,* 72 Miss. 677; *Y. & M. V. R. Co.* v. *Davis,* 73 Miss. 678; *Thompson* v. *Railroad Co.,* 61 So. 596.

*Thos. S. Owen,* for appellee.

The first instruction for plaintiff is the law of this. state as approved in *Sinai* v. *L. N. O. & T. R. R. Co.,* 71 Miss. 547; *Thompson* v. *Railroad,* 61 So. 596; *Railroad* v. *Sultan,* 63 So. 672. In fact, instruction number 1, will, by comparison, be shown to be very much like instruction one in the Sultan Case, if not *verbatim.*

Instruction number 2 for plaintiff is also very similar to the instruction in the Sultan Case, and is borne out

by the case above cited. Counsel, in commenting on this instruction, says that the opening was the full length of the natural drain. This is true but it is not the full *depth* of the natural drain as it originally was, and it is the duty of the appellant to make it that depth or deeper, if necessary, to permit the flow of water to drain the land.

Appellant also makes the statement that if plaintiff had dug a canal or ditch ten or fifteen feet deep from the western border of the right of way to Knox Bayou, it would not have been the duty of the railroad company to dig under its trestle, a canal or ditch of equal depth. If plaintiff had dug a canal ditch ten or fifteen feet deep along the natural water course on both sides of the right of way across his land, it would have been the duty of the appellant to have put one the same depth under its trestle to permit the flow of the water. In addition to the authorities above cited, see 72 N. E. 219; 50 Lawyers Ed., U. S. Reports, 596, where the right of a riparian landowner and a railroad company in a natural water course are fully discussed.

Instruction number 3. This instruction, on the measure of damages, can be found in the Sultan Case. The *Smith case* in 72 Miss. 677, quoted by counsel, has no bearing on this case. In that case, the crop was destroyed by the overflow of a creek before the water deflected by the embankment ever reached it. If the crop on this land in 1910 and 1911 had been destroyed by an overflow from a break in the levee, certainly we cannot be heard to complain of an injury to it by obstructing surface water, which had not reached the crop until it was covered by overflow water. Other authorities: *R. R. Co.* v. *Hubbard,* 85 Miss. 480, 485; Suther on Damages (3 Ed.), sec. 1023 and 1049; *R. R. Co.* v. *Lackey* (Miss.). 16 So. 909; *R. R. Co.* v. *Davis,* 73 Miss. 678; *R. R. Co.* v. *Borsky* (Tex.), 21 So. 911 ;Monographist note to *R. R. Co.* v. *Sayers,* 27 L. R. A. (N. S.) 168.

STEVENS, J., delivered the opinion òf the court.

Appellee, as plaintiff in the court below, instituted this action for damages against appellant, averring that by the improper construction and maintenance of appellant's roadbed the ·crops attempted to be raised by appellee on certain lands in Bolivar county were flooded and destroyed in the years 1910 and 1911. Appellee was lessee for the years 1910, 1911, and 1912 of a certain plantation through which the roadbed of appellant's railroad runs. To the east of the roadbed on the lands leased by appellee and to the north of these lands the natural slope of the land is to the southwest. The water that falls on the watershed east of the railroad flows in a southwesterly course. The railroad company, in the original construction of the roadbed provided a trestle or opening one hundred and twenty-seven feet long through which the water flowed in its natural course from the lands east of the track to the southwest. There was a natural depression at the point where the trestle was provided. Appellee contends, and the proof shows, that since the construction of the roadbed appellant has used in the constant repair and maintenance of the roadbed a great deal of gravel, which has fallen and washed to the ground under the trestle, and this accumulation of gravel, with dirt and other debris, raised the elevation of the ground under the trestle to an amount variously estimated from twelve inches to several feet, and this accumulation obstructed the natural flow of water from appellee's lands from east to west, and as a consequence the water is impounded and caused to overflow one hundred and twenty acres of appellee's lands. Part of the plantation involved lies west of the railroad, and appellee, in an effort to drain his lands, dug a ditch through that portion lying west of the track; but he contends that the water impounded on the east will not drain through the ditch because of its inability to pass over or through the right of way of appellant. It is shown

that the section foreman, in an effort to relieve the situation, dug a small ditch under the trestle, but in so doing struck one of the mud sills which had been placed there in the original construction of the trestle, and which had become gradually covered or buried some fourteen inches under the surface with the accumulation of dirt and gravel. There was evidence that the ditch provided by the section foreman was inadequate, and that even it had become filled up. There is ample evidence that the railroad company, in the upkeep of its roadbed, has piled gravel on the track, and that a good deal of this gravel rolled off and gradually filled the ditches left on either side of the tracks higher than the surface of the natural ground.

The court instructed the jury for appellant that there was no testimony showing improper construction of the roadbed, and that the jury could not assess any damages based upon improper construction. The main contention of appellant is that the court should have given it a peremptory instruction.

On the question of liability of appellant for obstructing the natural flow of surface water, there can be no distinction between improper construction of the roadbed in the outset and the improper maintenance of that same roadbed after construction. The principle, therefore, announced by this court in *Sinai* v. *Louisville, etc., R. R. Co.,* 71 Miss. 547, 14 So. 87, *Thompson* v. *Railroad Co.,* 104 Miss. 651, 61 So. 596, and *Y. & M. V. R. R. Co.* v. *Sultan,* 63 So. 672, 49 L. R. A. (N. S.) 760, applies with equal force to the instant case. In the original construction of the roadbed across these lands appellant found it necessary and proper to leave this long trestle through which the water naturally flowed, but the proof shows that the gravel transported and deposited by appellant along and on its roadbed has materially contributed toward the gradual filling up of the ditches and opening originally left, and that now the surface of the ground immediately under the track has been raised to a point

materially higher than the surface of the ground east or west of the right of way, and it is this elevation, caused by the gradual mixture of gravel, weeds, brush and dirt which impounded the water on the lands leased by appellee, and which, according to the proof, destroyed his planted crops for the years 1910 and 1911. There was sufficient evidence to sustain liability.

We have examined the instructions complained of, and find no reversible error. The contention seems to have been made by appellant all along, and the idea is stressed in some of the refused instructions asked by appellant, that the railroad company is not liable for anything washed on the right of way by the rains, or for the natural increase or elevation. It is the duty of the railroad company, however, not only properly to construct, but properly to maintain, the roadbed with sufficient openings to permit the flow of surface water under circumstances disclosed by the case at bar.

*Affirmed.*